UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELITE MEDICAL SUPPLY OF NEW YORK, LLC,          REPORT
                                                                                    and
                                      Petitioner,          RECOMMENDATION[1]
        v.

                                                                                       13-CV-918A(F)
STATE FARM MUTUAL INSURANCE COMPANY,
STATE FARM FIRE AND CASUALTY COMPANY,

                                    Respondents.
_____

APPEARANCES:           HARRIS BEACH LLP
                                Attorneys for Plaintiff
                                RICHARD T. SULLIVAN, of Counsel
                                Larkin at Exchange
                                726 Exchange Street, Suite 1000
                                Buffalo, New York   14210

                                WINDELS MARX LANE & MITTENDORF LLP
                                Attorneys for Defendants
                                MEL P. BARKAN, of Counsel
                                156 West 56th Street
                                New York, New York   10019

                                WEBSTER SZANYI, LLP
                                Attorneys for Defendants
                                NELSON PEREL, of Counsel
                                1400 Liberty Building
                                Buffalo, New York    14202

**JURISDICTION**

By order fled September 18, 2013 (Doc. No. 6), Hon. Richard J. Arcara referred this matter to the undersigned for all pretrial proceedings.  The matter is presently before the court on Petitioner's motion to remand filed September 30, 2013 (Doc. No. 7).

---

[1] A motion to remand is a dispositive matter under 28 U.S.C. § 636(b)(1)(B).  *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008).

## BACKGROUND

The instant matter, a special proceeding brought pursuant to Article 7800 of the New York Civil Practice Act and Rules, N.Y.Civ.Prac. L. & R. § 7800 *et seq*. ("Article 78" or "Article 78 proceeding"), was commenced by filing a petition ("Petition") on August 6, 2013, in New York Supreme Court, Erie County, New York.  On September 12, 2013, Respondents, State Farm Mutual Insurance Company and State Farm Fire and Casualty Company (collectively "Respondents" or "State Farm"), removed, based on diversity of citizenship, the Petition to this court pursuant to 28 U.S.C. § 1332 ("§ 1332(a)") and 28 U.S.C. § 1441(a) ("§ 1441(a)").  By papers filed September 30, 2013, Petitioner, Elite Medical Supply of New York, LLC ("Petitioner" or "Elite") moved to remand pursuant to 28 U.S.C. § 1447(c) ("§ 1447(c)") ("Petitioner's motion") based on a lack of subject matter jurisdiction together with the Affirmation of Richard T. Sullivan, Esq. (Doc. No. 7) ("Sullivan Affirmation"), attaching Exhibits A - D (Doc. No. 8), Exhibit E (Doc. No. 9), and Exhibits F - H (Doc. No. 10) ("Petitioner's Exh(s). ___"), and a Memorandum of Law (Doc. No. 11) ("Petitioner's Memorandum").  A copy of the Petition is included as Exh. A to Petitioner's motion.  Attached to the Petition are Exhibits "A" - "N" ("Petition Exhibit(s). ___").

On October 25, 2013, Respondents filed State Farm's Memorandum of Law In Opposition To Elite's Motion To Remand (Doc. No. 14) ("Respondents' Memorandum"). On November 7, 2013, Petitioner filed a Reply Memorandum Of Law (Doc. No. 15) ("Petitioner's Reply").  Oral argument was deemed unnecessary.  Based on the following, Petitioner's motion should be GRANTED.

**FACTS**[2]

Elite, a New York limited liability corporation, Petition ¶ 1, is a retail supplier of durable medical equipment to persons with a need for such equipment.  One type of the durable medical equipment products provided by Elite is a neuro-muscular electrical stimulation unit, or NMES, which is sold by Elite under the brand name Elite Multi Mode Stimulator or MMS.  Petition ¶ 11.  Elite has sold such MMS units since December 2011.  Respondents state they are Illinois corporations, State Farm's Memorandum at 3, which insure New York residents against injuries from automobile accidents including coverage for first-party or No-Fault benefits payable to injured persons who, as a result of an auto accident, may require medical services or durable medical equipment such as Elite's MMS product and which, regardless of fault, will be provided by insurers like Respondents.  Upon presentation of a physician's prescription, Elite will dispense an MMS unit to one of Respondents' insureds as an injured person entitled to such No-Fault benefits. Elite then submits a Health Insurance Claim Form for the costs of the MMS unit, as a proof of claim pursuant to New York regulations, to Respondents for payment.  Elite is entitled to such payment as the insured's assignee pursuant to the Respondents' insurance policy based on an assignment of the insured's No-Fault benefits executed in accordance with Article 51 of the New York Insurance Law and related regulations.

Under the fee schedule established under the New York No-Fault law governing payments by No-Fault insurers, such as Respondents, to providers, such as Elite, for

---

[2]  Taken from the pleadings and papers filed in connection with Petitioner's motion.

durable medical devices, Elite, based on Elite's asserted status as a manufacturer of the MMS, may charge and seek payment from Respondents for the "usual and customary price charged to the general public" by Elite for an MMS unit, or, in this case, $995. Beginning in July 2012, Respondents disputed Elite's self-designation as a manufacturer of the MMS unit and Elite's MMS pricing for purposes of seeking payment from Respondents, asserting Elite is not in fact a manufacturer of the MMS product but, rather, merely redistributes with limited added features the MMS units purchased from a third-party, alleged by Respondents as Phoenix Medical Services, LLC. According to Respondents, Respondents have requested, as authorized under provisions of the relevant insurance policy, Elite establish to Respondents' satisfaction that Elite in fact is a manufacturer of the MMS units, and that despite being provided with sufficient opportunity, Elite has failed to do so. In particular, Respondents contend Elite's answers to questions regarding Elite's alleged status as a manufacturer of the MMS product, during a lengthy oral examination of Elite's president on March 1, 2013, were insufficient to establish that Elite actually manufacturers the MMS units at issue, and that Elite therefore is not entitled to payment based on Elite's "usual and customary price" of $995 per unit as a manufacturer of the MMS product. As a result, Respondents have refused payment to Elite for 180 MMS units, based on the price of $995 per MMS unit charged by Elite, for a total claim against Respondents of at least $179,000. Elite states that approximately 400 additional claims remain pending.

    In support of Petitioner's motion, Petitioner contends Respondents' refusal to make payment to Elite based on Elite's "usual and customary charges" for the MMS units at issue raises questions of Respondents' violation of New York state law,

specifically the administration of New York's No-Fault benefits scheme for payment to providers like Elite and that Respondents' refusal to pay Petitioner's claims is arbitrary and capricious which, Petitioner contends, are questions cognizable under applicable New York law in an Article 78 proceeding, that federal courts lack subject matter jurisdiction over Article 78 proceedings asserting these claims and, as such, the Petition should be remanded.  Sullivan Affirmation ¶ 14.  Accordingly, Petitioner requests the matter be remanded and attorneys fees and costs associated with Petitioner's motion pursuant to § 1447(c) should be awarded.  *Id.*[3]

## DISCUSSION

Elite contends that district courts lack original jurisdiction over Article 78 proceedings and, as such, Elite's Article 78 proceeding was improperly removed and must therefore be remanded.  Petitioner's Memorandum of Law at 5-6 (citing *Beckwith v. Erie County Water Authority*, 413 F.Supp.2d 214, 226 (W.D.N.Y. 2006); *National Fuel Gas Supply Corporation v. Town of Wales*, 904 F.Supp.2d 324, 335-36 (W.D.N.Y. 2012); *Cartagena v. City of New York,* 257 F.Supp.2d 708*,* 709-10 (S.D.N.Y. 2005)*; Birmingham v. Ogden*, 70 F.Supp.2d 353, 372 (S.D.N.Y. 1999); *Herrmann v. Brooklyn Law School*, 432 F.Supp. 236, 240 (E.D.N.Y. 1976)).  Conversely, State Farm argues that as Elite's Article 78 proceeding is a civil action between diverse parties, and the amount in controversy exceeds $75,000, it is within the court's original jurisdiction

---

[3] By papers filed September 17, 2013 (Doc. No. 4), Defendants moved to dismiss the Petition pursuant to Fed.R.Civ.P. 12(b)(6).  Where a question regarding lack of subject matter jurisdiction is raised, courts should defer action on the motion to dismiss for failure to state a claim pending determination of the jurisdictional question to avoid mootness and to conserve judicial resources.  *See Rhulen Agency, Inc. v. Alabama Ins. Guaranty Assoc.*, 896 F.2d 674, 678 (2d Cir. 1990).

conferred under § 1332(a) and, as such, was properly removed pursuant to § 1441(a). Respondents' Memorandum at 18-24 (citing *Carver v. Nassau County Interim Fin. Auth.*, 730 F.3d 150, 155 (2d Cir. 2013) (citing *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-68 (1997); and *Casale v. Met. Transp. Auth.*, 2005 WL 3466405, at *6 (S.D.N.Y. Dec. 19, 2005))).

    As relevant, the court's removal jurisdiction includes

> ". . . any civil action brought in a state court of which the district courts have original jurisdiction . . .."

18 U.S.C. § 1441(a) ("§ 1441(a)").

Pursuant to 28 U.S.C. § 1332(a),

> "district courts have original jurisdiction of all civil actions where the amount in controversy exceeds . . . $75,000 . . . between –
>
> (1)    citizens of different states;"

28 U.S.C. § 1332(a) ("§ 1332(a)").

In this case, the parties do not dispute they satisfy the diverse citizenship requirement of § 1332(a)[4] or that the amount in controversy exceeds $75,000.

    There are several recognized exceptions to this court's removal jurisdiction: improper or collusive joinder, in-rem actions where the property is in control of a state court, cases proper for application of the abstention doctrine, domestic relations, and probate matters. *See* Charles Alan Wright, Mary Kay Kane, LAW OF FEDERAL COURTS, 6th ed. (West 2002) at 160-61 (citing cases). In a case like the present matter where

---

[4] Elite alleges Respondents are Indiana corporations. Petition ¶ ¶ 5-7. For the purposes of Petitioner's motion, the discrepancy is immaterial as the parties are, notwithstanding, diverse.

defendant asserts diversity jurisdiction over an Article 78 proceeding to review a decision by a private corporation, it has been held that a district court should abstain from exercising such jurisdiction and dismiss the action.  *See Herrmann v. Brooklyn Law School*, 432 F.Supp. 236, 240 (E.D.N.Y. 1976) (Mishler, C.J.) (noting significant dissimilarity between typical federal civil action and Article 78 proceeding seeking review of private corporation's conduct requires abstention).  Additionally, an Article 78 proceeding is a "purely state procedural remedy," *Camacho v. Brandon*, 56 F.Supp.2d 370, 380 (S.D.N.Y. 1999), "designed to accommodate to the state court system." *Herrmann,* 432 F.Supp. at 240.  *See also Quackenbush v. Allstate Insurance Company*, 517 U.S. 706, 711-12 (1996) (holding federal courts may dismiss or remand cases based on abstention principles where relief sought is equitable in nature).

Respondents' reliance on *Casale,* 2005 WL 346640, at *7 n. 3 (finding an Article 78 proceeding is a civil action for purposes of the court's removal jurisdiction), Respondents' Memorandum at 19, is misplaced as in *Casale*, the court did not address whether, notwithstanding the existence of diversity jurisdiction over the asserted Article 78 proceeding, federal courts should abstain from exercising jurisdiction in a case seeking review of an action by a private corporation.  *See Herrmann*, 432 F.Supp. at 238 (where Article 78 proceeding filed in district court based on diversity of citizenship question is whether "court should <u>decline</u> jurisdiction despite plaintiff's compliance with the jurisdictional requirements of 28 U.S.C. § 1332" (citing caselaw) (underlining added)).  Respondents' reliance on *Casale* is further undercut by the fact that the court in *Casale* did not consider *Herrmann* or its holding that district courts should abstain from exercising jurisdiction over Article 78 proceedings particularly where an Article 78

proceeding seeks judicial review of the actions of a private corporation.  Rather, the holding in *Casale* was limited to finding that the original Article 78 proceeding filed by plaintiff constituted a removable civil action based on a federal question sufficient to commence the 30-day period within which to move to remove the initial petition pursuant to 28 U.S.C. § 1446(b).  *Casale*, 2005 WL 3466405, at *8 (plaintiff's original Article 78 petition sufficiently alleged jurisdictional facts supporting federal question based on 14th Amendment due process violation claims enabling defendant to "intelligently ascertain" petition subject to removal) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-206 (2d Cir. 2001))).  Thus, contrary to Respondents' suggestion, Respondents' Memorandum at 19-20, the court in *Casale* did not specifically hold that an Article 78 proceeding alleging only a violation of applicable New York law is removable based solely on diversity jurisdiction.  Nor does *Carver*, also relied upon by Respondents, require a different conclusion as in that case, the court did not consider whether, assuming Article 78 proceedings are removable, federal courts should abstain from entertaining them.  *See Carver*, 730 F.3d at 155 (finding district court abused its discretion in exercising pendent jurisdiction over Article 78 proceeding citing "state preference to try Article 78 claims in state court").

This conclusion is consistent with the prevailing view among New York district courts holding that supplemental jurisdiction over Article 78 proceedings should generally be declined.  *See, e.g., National Fuel Gas Supply Corp. v. Town of Wales*, 904 F.Supp.2d 324, 335-36 (W.D.N.Y. 2012) (declining supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) (citing *Morningside Supermarket Corp. v. New York State Dep't. of Health,* 432 F.Supp.2d 334, 346-47 (S.D.N.Y. 2006) ("The very nature of

an Article 78 proceeding presents . . . compelling reasons" to decline jurisdiction pursuant to 28 U.S.C. § 1367(c))); *Beckwith v. Erie County Water Auth.*, 413 F.Supp.2d 214, 226 (W.D.N.Y. 2006) ("[F]ederal courts have . . . consistently declined to exercise supplemental jurisdiction over such claims." (citing cases)); *Birmingham v. Ogden*, 70 F.Supp.2d 353, 372 (S.D.N.Y. 1999) ("[F]ederal courts are loath to exercise jurisdiction over Article 78 claims."). *See also McNamara v. Kaye,* 360 Fed.Appx. 177, 177 (2d Cir. 2009) ("[Plaintiff's] CPLR Article 78 claim fails for lack of subject-matter jurisdiction." (citing *Morningside Supermarket Corp.*, 432 F.Supp.2d at 346; *Cartagena v. City of N.Y.*, 257 F.Supp.2d 708, 710 (S.D.N.Y. 2003))). *But see Hogan v. City of New York*, 2008 WL 189891, at **5-6 (E.D.N.Y. Jan. 12, 2008) (supplemental jurisdiction will be exercised over Article 78 proceeding to review denial of plaintiff's request for indemnification in connection with underlying § 1983 claim against plaintiff).  It would therefore be incongruous that district courts should, based on the exclusive relationship of Article 78 proceedings to the New York Supreme Court, *see Carver*, 730 F.3d at 155; *Herrmann*, 432 F.Supp. at 240, decline to exercise as a matter of discretion the court's supplemental jurisdiction over Article 78 proceedings, yet not abstain from exercising jurisdiction over such proceedings when pursued through the court's removal jurisdiction particularly where, as here, Petitioner has alleged no violation of federal law.  Therefore, this court should abstain from exercising jurisdiction over the instant Article 78 proceeding against Respondents as private corporations and remand the matter to New York Supreme Court.

     Finally, given that Respondents sought removal based on a good faith contention that removal was available pursuant to § 1441(a), attorneys fees and costs should not

be awarded. *See Casale*, 2005 WL 3466405, at *11 (declining to award costs and expenses pursuant to § 1441(c) for remand motion where removability of Article 78 proceeding based on "legitimate and sometimes complex questions"). Petitioner's requests for attorneys fees and expenses of Petitioners' motion should therefore be DENIED.

## CONCLUSION

Based on the foregoing, Petitioner's motion (Doc. No. 7) should be GRANTED.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: January 8, 2014
      Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>**
*Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Petitioner and the Respondents.

SO ORDERED.

                              /s/ *Leslie G. Foschio*
                              _____
                                  LESLIE G. FOSCHIO
                        UNITED STATES MAGISTRATE JUDGE

DATED: January 8, 2014
       Buffalo, New York