UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ELITE MEDICAL SUPPLY
OF NEW YORK, LLC,

         Plaintiff,

    v.               **DECISION AND ORDER**
                       13-CV-918-A

STATE FARM MUTUAL INSURANCE
COMPANY, and STATE FARM FIRE
AND CASUALTY,

         Defendants.

---

  This action is an insurance dispute over nonpayment for durable medical equipment that was removed from state court pursuant to 28 U.S.C. § 1441 based upon federal diversity jurisdiction under 28 U.S.C. § 1332.  It was referred to Magistrate Judge Leslie G. Foschio for pretrial proceedings, and is before the Court for review of a January 8, 2014 Report and Recommendation of the Magistrate Judge on a motion pursuant to 28 U.S.C. § 1447 to remand the action to state court that recommends the Court abstain from exercising its subject matter jurisdiction and that it remand the action to state court.

  For the reasons that follow, the Court finds it lacks authority to abstain from exercising its subject matter jurisdiction.  The limited discretion the Court has to abstain and remand to state court is not available because this action includes a demand for money damages.  *See e.g., Allstate Insurance Co., v. Elzanty*, 915 F.

Supp. 2d 273, 289-92 (E.D.N.Y. 2013) (denying *Burford*[1] abstention); *State Farm Mutual Auto. Ins. v. Schepp*, 616 F. Supp. 2d 340, 347 (E.D.N.Y. 2008) (denying *Brillhart-Wilton*[2] abstention). Accordingly, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Report and Recommendation is not adopted and the motion to remand is denied.

## BACKGROUND

The action was begun in the Supreme Court of the State of New York, County of Erie, as a special proceeding under Article 78 of the N.Y. C.P.L.R. by plaintiff, Elite Medical Supply of New York, LLC ("Elite"), a durable medical equipment supplier, on about August 6, 2013. Dkt. No. 1, Ex. 3. Plaintiff Elite petitioned for Article 78 review of the denial of approximately 180 claims for reimbursement for neuro-muscular stimulation units plaintiff submitted as assignee of injured persons to State Farm Mutual Insurance Company and State Farm Fire and Casualty (collectively, the "State Farm defendants") under New York's Comprehensive Motor Vehicle Insurance Reparations Act, N.Y. Ins. L. §§ 5101 *et seq.*, and applicable regulations, *see* 11 N.Y.C.R.R. Part 65 (collectively, the "No-Fault Law"). Dkt. No. 1, Ex. 3. The Article 78 petition seeks "annulment" of "arbitrary and capricious" insurance claim denials by defendants, and also seeks money damages. *Id*. at p. 11.

---

[1] *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

[2] *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

Plaintiff Elite is a supplier of neuro-muscular stimulation units known as Elite Multi Mode Stimulators ("MMS") upon order by a physician or chiropractor. It is a citizen of New York, with one member, and is located in this District.

Plaintiff Elite charged $995 for each MMS pursuant to certain maximum permissible charge provisions of the No-Fault Law that apply to a manufacturer. *See* 11 N.Y.C.R.R. § 68.2 *and* 12 N.Y.C.R.R. § 442.2(a)(2). According to plaintiff, $995 is the usual and customary price charged to the general public for the MMS.

The State Farm defendants are citizens of Illinois with their principal places of business in Illinois. Apparently in about July, 2012, defendants began declining to pay plaintiff Elite's claims for reimbursement for MMS under the No-Fault Law because, defendants primarily contend, plaintiff is reselling neuro-muscular stimulation units it purchases from a manufacturer. Defendants contend that since plaintiff does not make the MMS, plaintiff is limited by maximum permissible charge provisions of the No-Fault Law to charging insured persons no more than what plaintiff paid, plus 50 percent, per MMS. *See* 12 N.Y.C.R.R. § 442.2(a)(1).

There is no dispute among the parties that plaintiff Elite assembles and re-labels a neuro-muscular stimulation unit, lead wires, batteries, a charger, manuals, and a carrying case that it has purchased from others, and then sells the kit as an MMS. Plaintiff includes free battery replacements and free electrode replacements with each MMS.

Plaintiff Elite contends that, as a kit assembler and re-labeler, it qualifies as a manufacturer that may, consistent with the No-Fault Law, charge the State Farm

3

defendants, among others, the usual and customary price charged to the general public for an MMS just as if it was actually making every item. Defendants insist that, because plaintiff does not actually make the MMS, the No-Fault Law requires plaintiff to charge no more than its purchase price, plus 50%, which would be much less than $995 per MMS.

The State Farm defendants removed plaintiff Elite's Article 78 special proceeding from state court to this Court pursuant to 28 U.S.C. § 1441 by notice dated September 11, 2013. Defendants invoked the Court's original subject matter jurisdiction under 28 U.S.C. § 1332 based upon the diversity of citizenship of the parties and the amount in controversy being greater than $75,000. Defendants also immediately moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6), or to require plaintiff to replead under Fed. R. Civ. P. 81(c), on the ground that an Article 78 proceeding is not a permissible procedural means to adjudicate an arms-length commercial dispute among private parties.

In response to the State Farm defendants' notice of removal, plaintiff Elite moved on September 30, 2013 to remand the action to state court on the ground that federal courts lack subject matter jurisdiction over Article 78 special proceedings. Plaintiff argued its Article 78 proceeding "seeks a determination that [the State Farm defendants] violated New York State laws and Regulations in denying Elite's claims for reimbursement . . . based entirely on [defendants'] interpretations of New York laws and regulations" properly handled in state courts. Dkt. No. 11, p. 6 (citing *Hermann v. Brooklyn Law School*, 432 F. Supp. 236, 240

(E.D.N.Y. 1976)).[3]

The State Farm defendants opposed plaintiff Elite's motion to remand the action to state court on the ground that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in light of the diversity of citizenship of the parties and the amount in controversy. Defendants pressed their characterization of the dispute as "a commercial breach of contract dispute for damages . . . ." Dkt. No. 14, p. 10.

The January 8, 2014 Report and Recommendation recognized that plaintiff Elite's action is within the Court's diversity jurisdiction under 28 U.S.C. § 1332. The Report and Recommendation raised for the first time the question whether the Court should abstain from exercising its subject matter jurisdiction. Dkt. No. 16, pp. 6 - 9. Relying on a decision from the Eastern District of New York to abstain in a case also pending on diversity jurisdiction, *Herrmann v. Brooklyn Law School*, 432 F.Supp. 236 (E.D.N.Y. 1976), and upon a set of considerations that routinely lead courts to decline to exercise supplemental jurisdiction over Article 78 proceedings pursuant to 28 U.S.C. § 1367, the Magistrate Judge recommended the "court should abstain from exercising jurisdiction over the instant Article 78 proceeding against Respondents as private corporations and remand the matter to New York Supreme Court." Dkt. No. 16, p. 9.

---

[3] The Magistrate Judge did not order plaintiff Elite to respond to the State Farm defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss because the question whether the Court has subject matter jurisdiction takes precedence. Dkt. No. 16, p. 5, n.3. A court should ordinarily decide whether it has subject matter jurisdiction before addressing the merits of a claim so as not to waste time on an advisory opinion that might later improperly be given preclusive effect. *See Robinson v. The Government of Malaysia*, 269 F.3d 133, 141 (2d Cir. 2001).

## DISCUSSION

The State Farm defendants object to the Magistrate Judge's recommendation to abstain from exercising jurisdiction by stressing the recommendation overlooks their arguments that plaintiff Elite's Article 78 petition is invalid as a matter of law, and that the recommendation relies upon considerations relevant only to a different determination whether to exercise supplemental jurisdiction over an Article 78 proceeding pursuant to 28 U.S.C. § 1367.

Plaintiff Elite responds to the State Farm defendants' objections by repeating its argument that the Court lacks subject matter jurisdiction over an Article 78 proceeding.  Plaintiff nonetheless agrees that the requirements of subject matter jurisdiction under 28 U.S.C. § 1332 due to diversity of citizenship and the amount in controversy are met in the action.

The standard of review of a Magistrate Judge's report and recommendation is *de novo* for any conclusion to which a party specifically objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  The Court reviews unobjected-to findings for clear error.  Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149, (1985); *Acquisto v. Manitowoc FSG Operations, LLC,* No. 11–CV–803–A, 2012 WL 4721761 *1 (W.D.N.Y. Oct. 3, 2012).

The parties' objections and argument on the Report and Recommendation did not address controlling limitations on the Court's discretion to abstain from exercising its subject matter jurisdiction over damages claims and other limitations

that have emerged since the Supreme Court's decision in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), a decision rendered a few months before *Herrmann v. Brooklyn Law School*, 432 F.Supp. 236 (E.D.N.Y. 1976). Because these limitations concern the Court's subject matter jurisdiction, the Court must address them on its own. *See generally, Minot v. Eckardt-Minot*, 13 F.3d 590, 593 (2d Cir. 1994).

The Article 78 petition of plaintiff Elite that the State Farm defendants removed to this Court seeks predominantly declaratory relief. *See* Dkt. No. 1-3, pp. 9-10; ¶¶ 52-58, and WHEREFORE clause. The petition seeks legal determinations regarding plaintiff's status as a "manufacturer" of MMS, plaintiff's right to charge $995 per MMS under the No-Fault law price controls, that plaintiff did not defraud defendants by seeking $995 per unit, and a set of determinations regarding the alleged impropriety of defendants' claims-processing and other conduct during the dispute in light of the parties' rights and obligations under the No-Fault law. *Id.* The petition also seeks "damages to [plaintiff] for [defendants'] unlawful, arbitrary and capricious determinations . . ." denying claims. *Id.* The threshold question is whether the Court has discretion to abstain from exercising its subject matter jurisdiction over this dispute among diverse parties and to remand it to state court.

It is firmly settled that federal courts have "a virtually unflagging . . . obligation to exercise the jurisdiction given them" because it is Congress' role to determine the proper scope of federal court jurisdiction, not the role of federal courts themselves. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817

(1976); *see New Orleans Pub. Serv., Inc. v. New Orleans*, 491 U.S. 350, 359 (1989) (*abrogated in part on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711 (1996)).  Lower federal courts' obligations to exercise the jurisdiction Congress has conferred are not absolute, and the Supreme Court has held that:

> in cases where the relief being sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can also, in otherwise appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court.

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996).  Equity and discretionary powers of federal courts remain, in "appropriate circumstances," within courts' discretion to withhold or deny by remanding actions to state court.  *Id.*

However, abstention and dismissal or remand of actions that seek damages to state court has not been authorized:

> [b]y contrast, while we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions.

*Quackenbush*, *supra* at 721.  Accordingly, abstention and remand to state court of an otherwise properly removed action is permitted only if the action arose entirely in equity or was otherwise discretionary.  *Id.; but see* 517 U.S. at 733-34  (Kennedy, J. concurring) (significant concerns of state-federal relations may justify abstention and remand of a damages claim on *Burford*[4] grounds).

In general, dismissal or remand of an action on *Burford* abstention grounds

---

[4]  *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

may be appropriate when deference is due to a state because claims in an action implicate issues concerning a specialized and important state regulatory scheme. *See e.g., Stephens v. Cooper*, 746 F. Supp. 292 (E.D.N.Y. 1990). Plaintiff Elite's claims against the State Farm defendants implicate no issues concerning the lawfulness of the No-Fault Law or of Article 78 special proceedings warranting consideration of *Burford* abstention. *See e.g., Allstate Insurance Co., v. Elzanty*, 915 F. Supp. 2d 273, 292 (E.D.N.Y. 2013); *State Farm Mutual Auto. Ins. Co. v. Mallela*, 175 F. Supp. 2d 401, 410-11 (E.D.N.Y. 2001). In any event, *Burford* abstention is simply not available for claims or actions seeking damages. *Quackenbush*, 517 U.S. at 730; *Elzanty*, 915 F. Supp. 2d at 292.

    A federal court may have discretion under *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), *and Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), to abstain from hearing an action seeking declaratory relief — as does plaintiff Elite's — over which it has subject matter jurisdiction. *See e.g, Gov't Emps. Ins. Co. v. Li–Elle Serv., Inc.*, No. 12–CV–2157 (KAM)(VMS), 2013 WL 829274, at *2–3 (E.D.N.Y. Mar. 6, 2013) (listing factors to be considered). But, as the Second Circuit recently held:

> We have stated before, and we now hold, that "*Wilton* does not apply where, as here, a plaintiff does not seek purely declaratory relief, but also . . . seeks damages caused by the defendant's conduct."

*Kanciper v. Suffolk County Soc. for Prevention of Cruelty to Animals, Inc.*, 722 F.3d 88, 93 (2d Cir. 2013) (*quoting Niagara Mohawk Power Corp. v. Hudson River–Black*

*River Regulating Dist.*, 673 F.3d 84, 106 (2d Cir. 2012) (*internal quotation marks and brackets omitted*)).

In this action, there is no question plaintiff Elite is seeking to recover money damages from the State Farm defendants, in addition to seeking declaratory relief. Dkt. No. 1-3, p. 10.  The parties agree the amount in controversy well exceeds the $75,000 jurisdictional floor for an exercise of the Court's diversity jurisdiction under 28 U.S.C. § 1332.  In these circumstances — there are no parallel proceedings in state court and the action seeks money damages — the Court lacks discretion to abstain and to remand the action back to state court.  *State Farm Mutual Auto. Ins. v. Schepp*, 616 F. Supp. 2d 340, 347 (E.D.N.Y. 2008) (*citing Vill. of Westfield v. Welch's*, 170 F.3d 116, 125 n. 5 (2d Cir. 1999)); *State Farm Mutual Auto. Ins. Co. v. Liguori*, 589 F. Supp. 2d 221, 238 (E.D.N.Y. 2008).

Plaintiff Elite insists federal courts lack subject matter jurisdiction over an Article 78 special proceeding, even when the dispute is otherwise within the Court's diversity jurisdiction under 28 U.S.C. § 1332.  However, Congress has never excluded disputes of the kinds within an Article 78 proceeding, or any similar state-law proceeding, from the subject matter jurisdiction of federal courts.  *See generally Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348 (1961); *Freeman v. Burlington Broadcasters, Inc.*, 204 F.3d 311 (2d Cir. 2000).  This Court has a "strict duty to exercise the jurisdiction that is conferred upon [it] by Congress," except in "appropriate circumstances."  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 721 (1996) (*citations omitted*).  A removed Article 78 proceeding is not inherently

*River Regulating Dist.*, 673 F.3d 84, 106 (2d Cir. 2012) (*internal quotation marks and brackets omitted*)).

In this action, there is no question plaintiff Elite is seeking to recover money damages from the State Farm defendants, in addition to seeking declaratory relief. Dkt. No. 1-3, p. 10.  The parties agree the amount in controversy well exceeds the $75,000 jurisdictional floor for an exercise of the Court's diversity jurisdiction under 28 U.S.C. § 1332.  In these circumstances — there are no parallel proceedings in state court and the action seeks money damages — the Court lacks discretion to abstain and to remand the action back to state court.  *State Farm Mutual Auto. Ins. v. Schepp*, 616 F. Supp. 2d 340, 347 (E.D.N.Y. 2008) (*citing Vill. of Westfield v. Welch's*, 170 F.3d 116, 125 n. 5 (2d Cir. 1999)); *State Farm Mutual Auto. Ins. Co. v. Liguori*, 589 F. Supp. 2d 221, 238 (E.D.N.Y. 2008).

Plaintiff Elite insists federal courts lack subject matter jurisdiction over an Article 78 special proceeding, even when the dispute is otherwise within the Court's diversity jurisdiction under 28 U.S.C. § 1332.  However, Congress has never excluded disputes of the kinds within an Article 78 proceeding, or any similar state-law proceeding, from the subject matter jurisdiction of federal courts.  *See generally Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348 (1961); *Freeman v. Burlington Broadcasters, Inc.*, 204 F.3d 311 (2d Cir. 2000).  This Court has a "strict duty to exercise the jurisdiction that is conferred upon [it] by Congress," except in "appropriate circumstances."  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 721 (1996) (*citations omitted*).  A removed Article 78 proceeding is not inherently

outside the Court's original jurisdiction, though it may be a candidate for abstention in "appropriate circumstances." *Id.*

Plaintiff Elite's argument that the Court lacks subject matter jurisdiction over Article 78 proceedings technically remains open in the Second Circuit, *see Carver v. Nassau County Interim Finance Authority*, 730 F.3d 150, 155 (2d Cir. 2013), and, up until now, in this District, *see Beckwith v. Erie County Water Auth.*, 413 F. Supp. 2d 214, 217 (W.D.N.Y. 2006). The Court finds former Judge Mukasey's decision in *Casale v. Met. Transp. Auth.*, No. 05–cv–4232, 2005 WL 3466405, at *5-7 (S.D.N.Y. Dec. 19, 2005), persuasively disposes of the argument, and it merits no further discussion.

The Court notes that plaintiff Elite's heavy reliance upon reasoning from other cases in which courts have decided not to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Article 78 proceedings disregards markedly different standards and concerns that control when a court considers abstention from exercising its subject matter jurisdiction. *See e.g.*, *National Fuel Gas Supply Corp. v. Town of Wales*, 904 F. Supp. 2d 324, 335-36 (W.D.N.Y. 2012). Granted, it may be difficult to translate state-law issues raised in an Article 78 special proceeding into a federal action pursuant to Fed. R. Civ. P. 81(c) and other Federal Rules of Civil Procedure, but "mere difficulty of state law does not justify a federal court's relinquishment of jurisdiction in favor of a state court action." *Louisiana*

*Power and Light Co. v. City of Thibodaux*, 360 U.S. 25, 27 (1959) (*citation omitted*).[5]

Plaintiff's arguments that matters alleged in an Article 78 proceeding are necessarily outside federal courts' subject matter jurisdiction in support of its motion to remand this action to state court are without merit.

## CONCLUSION

For all the foregoing reasons, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Court does not adopt the January 8, 2014 Report and Recommendation, Dkt. No. 16, to abstain and remand this action to state court.  The motion of plaintiff Elite Medical Supply of New York, LLC, under 28 U.S.C. § 1447 to remand the action is denied.  Dkt. No. 7.  Pursuant to Fed. R. Civ. P. 81(c), plaintiff Elite shall replead in 20 days, or less, and the action is otherwise recommitted to the Magistrate Judge for pretrial proceedings consistent with the Court's prior referral order.  *See* Dkt. No. 6.  The motion of defendants State Farm Mutual Insurance Company and State Farm Fire and Casualty Company to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Dkt. No. 4, is therefore moot.

SO ORDERED.

*Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

Dated: March 3, 2014

---

[5] Pursuant to *Thibodaux* abstention, a district court may abstain from exercising diversity jurisdiction and stay a federal action to avoid deciding an unclear and important state-law issue bearing upon state sovereign prerogatives.